**EXHIBIT "A"**

Case 2:26-cv-05099   Document 1-1   Filed 07/22/26   Page 1 of 15

**MORGAN & MORGAN, PLLC**
**Eli S. Levine, Esquire**
elevine@forthepeople.com
Identification No. 309475
One Commerce Square
2005 Market Street, Suite 350
Philadelphia, PA 19103
445-201-8595 (Phone)
445-201-8695 (Fax)

**Attorney for Plaintiff**

*Filed and Attested by the Office of Judicial Records 01 JUL 2026 11:47 am L. LOWELL*

| | |
|---|---|
| **KEVIN WOOLEY**<br>6 Stockton Place, Apt. #15,<br>East Orange, NJ 07017<br><br>     Plaintiff,<br>  v.<br>**THE GIANT COMPANY, LLC**<br>1004 N 2nd street,<br>Philadelphia, PA 19123<br>     &.<br>**JOHN DOE 1-10**<br>     Defendant. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br><br>No.<br><br>COMPLAINT |

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE**

Philadelphia Bar Association
LAWYER REFERRAL & INFO.
One Reading Center
Philadelphia, PA  19107
(215) 238-1701

**ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGA.**
Asociacion de Licenciados de Filadelfia
Servicio de Referencia e Informacion
One Reading Center
Philadelphia, PA  19107
(215) 238-1701

2

Case ID: 260700369

**CIVIL ACTION COMPLAINT**

I.    **PARTIES**

1.  Plaintiff, Kevin Wooley, (hereinafter referred to as "Plaintiff") is an adult individual, citizen, and resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

2.  Defendant, The Giant Company, LLC (hereinafter referred to as "GIANT"), is a business entity operating under the laws of the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises, in whole or in part, located at or at 967 S. Township Line Road, Royersford, PA 19468 (hereinafter referred to as the "Premises").

3.  This Court has jurisdiction over this action because Plaintiff seeks damages in excess of the arbitration limits of compulsory arbitration.

4.  Venue is proper in Philadelphia County pursuant to Pa.R.C.P. 2179(a)(2) because Defendant Giant regularly conducts business in Philadelphia County. Specifically, Defendant Giant engages in continuous, systematic, and habitual business activities in Philadelphia County, including but not limited to selling products, providing services, maintaining customers, marketing and soliciting business, employing agents and/or representatives and contracting to do business in Philadelphia County on a regular basis.

5.  Specifically, Defendant Giant, owns, operates, manages, control's, and/or derives revenue from it is nine (9) stores located in Philadelphia County, which are located at: 1004 N 2nd street, Philadelphia, PA 19123, 1403 S Christopher Columbus Blvd., Philadelphia, PA 19147, 2201 Cottman Avenue, Philadelphia, PA 19149, 2303 Bainbridge St., Philadelphia, PA 19146, 2550 Grant Ave., Philadelphia, PA 19114, 3401 Chestnut Street, Philadelphia, PA 19104, 510 North Broad Street, Philadelphia, PA 19130, 60 North 23rd Street, Philadelphia, PA 19103, and 801 Market Street, Philadelphia, PA 19107.

3

Case ID: 260700369

6. Defendant, John Doe 1-10 is a fictious individual and/or commercial entity whose identity and whereabouts are currently unknown to Plaintiff despite good faith efforts to ascertain said information; Defendant JD is averred to be a fictious name of the entity which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or in part.

1. At all times material hereto, the above identified defendants (hereinafter collectively referred to as the "Defendants") acted by and through its agents (actual, express, implied, apparent, ostensible, or otherwise), servants, employees, contractors, subcontractors, lessee's, franchisees, workmen, and/or other representatives

2. At all relevant times, Defendants owned, operated, managed, and/or controlled the Premises.

3. At all times material hereto, Defendants was responsible for the care, control, and/or safety of Premises.

4. On or about May 15, 2025, Plaintiff, Kevin Wooley, was an invitee, licensee, and/or otherwise legally on the Premises when, as a result of the negligence and/or carelessness and/or recklessness of the Defendants, jointly and/or severally, and individually and/or by and through their respective agents, servants, employees, contractors, subcontractors, lessee's, franchisees, workmen, and/or other representatives, the Plaintiff was caused to slip and fall due to grease and/or liquid on the ground.

5. At all times material hereto, Defendants were responsible for inspecting and/or maintaining/repairing, the area(s) in and around the location where Plaintiff fell.

6. At all times material hereto, the agents, servants, employees, office staff, and workers of Defendants were responsible for providing a safe means of travel through the Premises free of dangerous conditions as well as inspecting, maintaining, repairing, and/or supervising the area(s) in and around the location where Plaintiff fell.

7. At all times material hereto, Defendants acted by and through their agents (actual, express, implied, apparent, ostensible, or otherwise), servants, and/or employees. The identities of these agents, employees,

4

Case ID: 260700369

office staff, and maintenance workers who were responsible for providing a safe means of travel through the Premises free of dangerous conditions as well as inspecting, maintaining, repairing, and/or supervising the area(s) in and around the location where Plaintiff fell, is better known to the Defendants than they are to the Plaintiff.

8. Upon information and belief, the action and/or inaction of Defendants, by and through their agents, servants, employees, and/or workman, created the dangerous condition to exist in the Premises.

9. Upon information and belief, the action and/or inaction of Defendants, by and through their agents, servants, employees, and/or workman, allowed the dangerous condition to exist in the Premises after having notice of same.

10. Upon information and belief, the action and/or inaction of Defendants, by and through their agents and servants, employees, and/or workman, failed to remedy, fix, and/or address the dangerous condition.

11. Upon information and belief, Defendants knew, or should have known, that a dangerous condition existed on the Premises .

12. Upon informant and belief, Defendants, by and through their agents, servants, employees, and/or workman, created the dangerous condition on the Premises .

13. Despite creating the dangerous condition, Defendants did not fix and/or mitigate the dangerous condition on the Premises .

14. Upon informant and belief, Defendants, by and through their agents, servants, employees, and/or workman, had notice of the dangerous condition that was in the Premises .

15. Despite knowing that the dangerous condition in the Premises constituted a slippery condition, Defendants did not attempt to warn and/or protect people, such as the Plaintiff, from the dangerous condition.

16. At all relevant times, the Plaintiff acted in a safe, prudent, and reasonable manner and in no way contributed to his injuries or damages.

17. The aforesaid fall was in no manner caused by any act, or failure to act, on the part of Plaintiff, but was

5

Case ID: 260700369

caused solely and exclusively by the negligence, carelessness, and tortious conduct of the Defendant.

18. As a direct and proximate result of the negligence, carelessness, and tortious conduct of Defendants, Plaintiff suffered injuries/damages, some or all of which may be permanent, as further addressed in this Complaint.

## II.    INJURIES/DAMAGES SUSTAINED BY PLAINTIFF

1.    As a direct and proximate result of Defendant' negligence, carelessness, and tortious conduct, as described elsewhere in this Complaint, Plaintiff sustained the following personal injuries and damages, some or all of which may be permanent in nature:

a.   Left shoulder injury necessitating surgery;

b.   Lumbar disc herniation;

c.   Left hip injury with tearing;

d.   Left bicep strain;

e.   Sprain of cervical spine and cervical ligaments;

f.   Sprain of thoracic spine and thoracic ligaments;

g.   Sprain of lumbar spine and lumbar ligaments;

h.   Need for physical rehabilitation;

i.   Past and future medical, hospital, rehabilitative, and nursing treatment, as well as expenses associated therewith;

j.   Diminished earning capacity;

k.   Diminished quality of life;

l.   Past and future inability to engage in activities of daily living; and

m.  Past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, disfigurement, loss of life's pleasures, diminished ability to ambulate and to engage in activities of daily living, and emotional distress.

## III.    CAUSES OF ACTION

6

Case ID: 260700369

## COUNT I
## NEGLIGENCE
## PLAINTIFF v. THE GIANT
## COMPANY. LLC

2.     The preceding paragraphs are incorporated herein by reference as though fully set forth below.

3.     Upon information and belief, and at all times relevant hereto, Defendant owned and/or controlled the Premises .

4.     Upon information and belief, and at all times relevant hereto, Defendant are vicariously liable of the negligent acts and/or omissions of their employees, agents, workmen, and/or contractors.

5.     The negligence and carelessness of Defendant consisted of, but are not limited to, the following:

   a.  failing to maintain the Premises  in a reasonably safe condition;

   b.  failing to warn persons, such as Plaintiff, of the presence of the slippery condition and other dangerous conditions in Premises;

   c.  failing to exercise reasonable care for the safety of the Plaintiff;

   d.  creating and leaving a slippery condition and/or substance in an area frequently in use by invitees such as the Plaintiff;

   e.  permitting and allowing persons to walk in, and about, the area of Plaintiff's fall when Defendant knew, or should have known, of the unreasonably dangerous condition(s) which existed;

   f.  failing to implement policies and procedures for the removal and maintenance of potential slip/trip causing substances and hazards on the Premises where Plaintiff fell;

   g.  failing to enforce policies and procedures for the removal and maintenance of slippery conditions and hazards on the Premises where Plaintiff fell;

   h.  failing to implement policies and procedures pertaining to inspection of the premises and the aisle for dangerous conditions and hazards;

   i.  failing to undertake timely monitoring and inspections of the Premises for

Case ID: 260700369

dangerous conditions;

j.   failing to be vigilant with respect to dangerous conditions on the Premises, including where Plaintiff fell;

k.   failing to remove, cordon-off, or ameliorate the slippery condition and other dangerous conditions from the area of the fall, which was subject to significant business invitee traffic, in a timely manner, despite having sufficient time to do so;

l.   failing to remedy a known hazardous condition, including any object, equipment, or mechanism that caused the slippery condition to be present on the floor;

m.   appreciating the likelihood that Plaintiff, other business invitees, and/or members of the public would traverse the are of the slippery condition, but failing to remove or maintain the slippery condition and other dangerous conditions in the Premises despite having knowledge that the slippery condition on the floor would pose a significant risk of serious bodily injury to Plaintiff and to other business invitees;

n.   allowing an unreasonably dangerous substance to remain in an area of the Premises where Defendant knew, or had reason to know, that business invitees would travel;

o.   creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition for business invitees;

p.   ignoring a dangerous condition in an area of the Premises where business invitees were known to travel;

q.   disregarding the rights and safety of the Plaintiff at the area of the subject incident;

r.   failing to discover unsafe conditions on the Premises which posed an unreasonable risk to business invitees and others upon proper monitoring and inspection of the Premises /area;

s.   failing to remedy unsafe conditions on the Premises despite having sufficient time to do so; and

t.   disregarding unsafe conditions on the Premises which posed an unreasonable risk of harm to Plaintiff and other business invitees, despite having knowledge of same and having sufficient time to remedy the unsafe condition.

6.   As a direct and proximate result of the negligent, careless, and tortious conduct of Defendant, as described more fully herein, Plaintiff sustained the injuries described earlier in this Complaint.

8

Case ID: 260700369

7.    As a direct and proximate result of the negligent, careless, and tortious conduct of Defendant, as described more fully herein, Plaintiff has been forced to expend various and diverse sums of money in an effort to treat herself for her injuries, and will continue to be obligated to do so for an indefinite time into the future.

8.    The injuries, losses, and damages sustained by Plaintiff were a direct and proximate result of the negligence, carelessness, and tortious conduct of Defendant, and were not due to any act or failure to act on the part of the Plaintiff.

**WHEREFORE**, Plaintiff, demands judgment in her favor and against Defendant, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars

9

Case ID: 260700369

($50,000.00) for compensatory damages, together with all lawful interest, costs, and damages for pre-judgment delay.

**COUNT II**
**NEGLIGENCE**
**PLAINTIFF v. JOHN DOE 1-10**

9. The preceding paragraphs are incorporated herein by reference as though fully set forth below.

10.    Upon information and belief, and at all times relevant hereto, Defendant owned and/or controlled the Premises .

11.    Upon information and belief, and at all times relevant hereto, Defendant are vicariously liable of the negligent acts and/or omissions of their employees, agents, workmen, and/or contractors.

12.    The negligence and carelessness of Defendant consisted of, but are not limited to, the following:

    a.  failing to maintain the Premises  in a reasonably safe condition;

    b.  failing to warn persons, such as Plaintiff, of the presence of the slippery condition and other dangerous conditions in Premises;

    c.  failing to exercise reasonable care for the safety of the Plaintiff;

    d.  creating and leaving a slippery condition and/or substance in an area frequently in use by invitees such as the Plaintiff;

    e.  permitting and allowing persons to walk in, and about, the area of Plaintiff's fall when Defendant knew, or should have known, of the unreasonably dangerous condition(s) which existed;

    f.  failing to implement policies and procedures for the removal and maintenance of potential slip/trip causing substances and hazards on the Premises where Plaintiff fell;

    g.  failing to enforce policies and procedures for the removal and maintenance of

10

Case ID: 260700369

slippery conditions and hazards on the Premises where Plaintiff fell;

h.  failing to implement policies and procedures pertaining to inspection of the premises and the aisle for dangerous conditions and hazards;

i.  failing to undertake timely monitoring and inspections of the Premises for dangerous conditions;

j.  failing to be vigilant with respect to dangerous conditions on the Premises, including where Plaintiff fell;

k.  failing to remove, cordon-off, or ameliorate the slippery condition and other dangerous conditions from the area of the fall, which was subject to significant business invitee traffic, in a timely manner, despite having sufficient time to do so;

l.  failing to remedy a known hazardous condition, including any object, equipment, or mechanism that caused the slippery condition to be present on the floor;

m.  appreciating the likelihood that Plaintiff, other business invitees, and/or members of the public would traverse the are of the slippery condition, but failing to remove or maintain the slippery condition and other dangerous conditions in the Premises despite having knowledge that the slippery condition on the floor would pose a significant risk of serious bodily injury to Plaintiff and to other business invitees;

n.  allowing an unreasonably dangerous substance to remain in an area of the Premises where Defendant knew, or had reason to know, that business invitees would travel;

o.  creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition for business invitees;

p.  ignoring a dangerous condition in an area of the Premises where business invitees were known to travel;

q.  disregarding the rights and safety of the Plaintiff at the area of the subject incident;

r.  failing to discover unsafe conditions on the Premises which posed an unreasonable risk to business invitees and others upon proper monitoring and inspection of the Premises /area;

s.  failing to remedy unsafe conditions on the Premises despite having sufficient time to do so; and

t.  disregarding unsafe conditions on the Premises which posed an unreasonable risk of harm to Plaintiff and other business invitees, despite having knowledge of same and having sufficient time to remedy the unsafe condition.

11

Case ID: 260700369

13.     As a direct and proximate result of the negligent, careless, and tortious conduct of Defendant, as described more fully herein, Plaintiff sustained the injuries described earlier in this Complaint.

14.     As a direct and proximate result of the negligent, careless, and tortious conduct of Defendant, as described more fully herein, Plaintiff has been forced to expend various and diverse sums of money in an effort to treat herself for her injuries, and will continue to be obligated to do so for an indefinite time into the future.

15.     The injuries, losses, and damages sustained by Plaintiff were a direct and proximate result of the negligence, carelessness, and tortious conduct of Defendant, and were not due to any act or failure to act on the part of the Plaintiff.

**WHEREFORE**, Plaintiff, demands judgment in her favor and against Defendant, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars

12

Case ID: 260700369

($50,000.00) for compensatory damages, together with all lawful interest, costs, and damages for

pre-judgment delay.

Dated:  March 17, 2025                                      **MORGAN & MORGAN, PLLC**

                                              **By:**    **/s/ Eli S. Levine**
                                                      **ELI S. LEVINE, ESQ**
                                                      **Attorney for Plaintiff**

13

Case ID: 260700369

**<u>VERIFICATION</u>**

I, Kevin Wooley, hereby depose and state that I am the Plaintiff, that I have reviewed the foregoing Complaint, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief.  I understand that the statements made herein are made subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications to authorities.


Dated:                                        **By:** _____

                                                              **Kevin Wooley**

Case ID: 260700369